## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**CIVIL ACTION NO. 17-40-HRW**

**VERNON STAPLETON,**                                                 **PLAINTIFF,**

v.                          **MEMORANDUM OPINION AND ORDER**

**HARTMAN & COMPANY, INC.,**                                   **DEFENDANT.**

This matter is before the Court upon Plaintiff's Motion to Dismiss Counts I and II of Defendant's Counterclaim [Docket No. 25]. The matter has been fully briefed by the parties [Docket Nos. 25-1, 28 and 29]. For the reasons set forth herein, the Court finds that Counts I and II of the Counterclaim fail to state a claim upon which relief can be granted.

**I.**

This case arises from a contract between the parties wherein Plaintiff Vernon Stapleton agreed to lease certain construction equipment to Defendant Hartman & Company, Inc. for use on a utility project. Ultimately, Plaintiff filed this civil action against Defendant alleging breach of contract, loss of rental income, unjust enrichment and property damage. the Complaint was originally filed in Greenup Circuit Court and then removed to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446 [Docket No. 1]. Subsequently, Defendant filed a Counterclaim against Plaintiff, alleging fraudulent misrepresentation (Count I), negligent representation (Count II) and breach of contract (Count III) [Docket No. 6]. Plaintiff seeks dismissal of Counts I and II of the Counterclaim pursuant to Fed.R.Civ.Proc. 12(b)(6).

## II.

In scrutinizing a complaint under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir.2007). A complaint need not contain "detailed factual allegations". However, it must allege more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (*quoting Iqbal*, 129 S.Ct. at 1949).

## III.

Plaintiff argues that the claims alleged in Counts I and II of Defendant's Counterclaim are barred by the economic loss doctrine and, therefore, must be dismissed. The Court agrees.

The economic loss doctrine "prevents the commercial purchaser of a product from suing in tort to recover for economic losses arising from the malfunction of the product itself, recognizing that such damages must be recovered, if at all, pursuant to contract law." *Giddings & Lewis, Inc. v. Indus. Risk Ins.*, 348 S.W.3d 729, 733 (Ky. 2011). Economic loss encompasses "both loss in the value of the product caused by a defect in the product (direct economic loss) and consequential loss flowing from the defect, such as lost profits (consequential economic loss)." *Highland Stud Int'l v. Baffert*, 2002 WL 34403141 at *3 (E.D.

2

Ky. May 16, 2002).

The rule "maintains the historical distinction between tort and contract law," "protects parties' freedom to allocate economic risk by contract" and "encourages the party best situated to assess the risk of economic loss, usually the purchaser, to assume, allocate, or insure against that risk." *Mt. Lebanon Pers. Care Home v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).

The "rule recognizes that economic losses, in essence, deprive the purchaser of the benefit of his bargain and that such losses are best addressed by the parties' contract and relevant provisions of Article 2 of the Uniform Commercial Code." *Giddings*, 348 S.W.3d at 738.

"Three policies support applying the economic loss doctrine to commercial transactions: (1) it maintains the historical distinction between tort and contract law; (2) it protects parties' freedom to allocate economic risk by contract; and (3) it encourages the party best situated to assess the risk of economic loss, usually the purchaser, to assume, allocate, or insure against that risk." *Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)).

In *Giddings & Lewis*, the Kentucky Supreme Court held that "the economic loss rule applies in Kentucky to negligence and strict liability claims arising from the malfunction of commercial products" because "economic losses . . . deprive the purchaser of the benefit of his bargain and that such losses are best addressed by the parties' contract and relevant provisions of Article 2 in the Uniform Commercial Code." 348 S.W.3d 729, 736, 739-40 (Ky. 2011). The court also applied the rule to negligent misrepresentation claims, reasoning that "when the alleged [negligent] misrepresentations relate solely to the

character, nature and performance of the product itself, the claim is essentially an attempt to make an end-run around the negotiated warranty in the parties' contract and the economic loss rule should apply just as it does to negligence and strict liability theories." *Id.* at 744.

Defendant's Counterclaim is based upon statements allegedly made by Plaintiff concerning the fitness of the equipment being leased for the Defendant's project. Defendant alleges that Plaintiff misrepresented, negligently as well as fraudulently, the equipment. Defendant seeks purely economic losses such as repair expenses, losses of productivity and insufficiencies, and costs to secure replacement equipment. The Counterclaim does not claim damages for any injuries to persons or damage to other property. Further, Defendant's misrepresentation claims overlap entirely with its claim for breach of contract. Indeed, the basis for the breach of contract claim is identical to the basis for the misrepresentation claims; the same alleged misrepresentations that form the basis of the misrepresentation claims also constitute the alleged breach of contract. Defendant's claims for fraud and misrepresentation that are intertwined with claims for breach of contract fall squarely within the ambit of Kentucky's economic loss rule and are, therefore, barred.

While *Giddings* clearly applies to claim for negligent misrepresentation, Defendant argues that *Giddings* does not extend to claims of fraud. Yet, this District, as well as in the Western District of Kentucky have concluded otherwise. As Judge Bunning noted in *Ashland Hospital Corp. v. ProVation Med. Inc,* 2014 WL 5486217 (E.D. Ky. Oct. 29, 2014), "[t]he Kentucky Supreme Court may not have decided whether the economic loss doctrine applies to fraud claims, but it has indicated a preference for broader application of the doctrine." *Id.* at \*4.

4

"A finding that fraud claims are exempt from the economic loss doctrine would not only represent a departure from the general trend of treating negligent misrepresentation and fraud claims similarly, it would create patent inconsistencies with the [Kentucky Supreme Court's] prior reasoning. Given the Kentucky Supreme Court's rather broad application of the economic loss doctrine, as well as the close relationship between fraud and negligent misrepresentation claims, this Court is now confident in predicting that the Kentucky Supreme Court would extend the economic loss rule to fraud claims." *Id. See also Derby City Capital, LLC v. Trinity HR Serv.*, 949 F. Supp. 2d 712, 727 (W.D. Ky. 2013)(stating that "it appears [ ] the economic loss rule would preclude recovery on Plaintiffs' fraudulent inducement claim," but ultimately dismissing the claim for Plaintiff's failure to satisfy the heightened pleading standard of Rule 9(b)); *Westlake Vinyls, Inc. v. Goodrich Corp.*, 518 F. Supp. 2d 955, 969 (W.D. Ky. 2007)(finding that "the economic loss doctrine would apply to [plaintiff's] fraud claim, as it is a tort claim arising from a business purchase which is intertwined with the underlying contract action"); *Strathmore Web Graphics v. Sanden Machine, Ltd.*, Civ. A. No. 3:99-cv-345-S, 2000 WL 33975406 at \*3 (W.D. Ky. May 16, 2000)(holding that the economic loss doctrine barred plaintiff's fraud claim because "[t]he allegedly fraudulent representations relate solely to the quality or character of the [product]").

Construing the Complaint in the light most favorable to Defendant, and accepting all factual allegations contained therein as true, the Court finds that the economic loss doctrine bars both its fraud and misrepresentation claims.

Having found that Defendant has failed to state a claim upon which relief can be granted in Counts I and II of its Counterclaim, the Court need not consider Plaintiff's remaining

arguments in support of dismissal.

**IV.**

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Motion to Dismiss Counts I and II of Defendant's Counterclaim [Docket No. 25] be **SUSTAINED**.

**IT IS FURTHER ORDERED** that Counts I and II of Defendant's Counterclaim be **DISMISSED WITH PREJUDICE**.

This 29th day of March, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge